Requestor: William N. Young, Jr., Esq. Westmere Fire District 1741 Western Avenue Albany, New York 12203
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether members of boards of fire commissioners who are also volunteer firefighters may vote on whether to place before the voters the question whether a service award program should be provided to volunteer firefighters of the fire district.
Article 11-A of the General Municipal Law is the enabling legislation for the establishment of service award programs for volunteer firefighters. Upon the affirmative vote of at least sixty percent of the governing board of the political subdivision, a mandatory referendum of eligible voters is held to determine whether the governing board will establish a service award program for the volunteer firefighters of the volunteer fire department or fire companies. General Municipal Law § 216(2). A service award program provides for the payment of monetary benefits to eligible volunteer firefighters based on years of firefighting service as determined under the provisions of State law. Id., §§ 217 et seq.
You have asked whether we can distinguish our prior opinion dealing with village boards of trustees, from the facts presented in your inquiry. Informal Opinion No. 91-21. In that opinion, we found that two village trustees who are also volunteer firefighters may not participate in deliberations and voting on whether to submit a proposition to the voters to establish a service award program.
 "Since this program would provide monetary benefits to them as volunteer firefighters, they have a direct personal financial interest in such action. In our view, this interest compromises their ability to make impartial judgments solely in the public interest." Informal Opinion No. 91-21.
We found that the two trustees should recuse themselves from participating on voting on this matter. We note that the recusal of the two members of the board of trustees left a sufficient number of trustees to submit the proposition to a referendum.
Under the facts you have presented, the board of fire commissioners is totally comprised of volunteer firefighters. Under State law, the fire commissioners have the responsibility to vote on whether to submit a service award program to the voters for approval. General Municipal Law § 216(2).
We are aware that it is very common that boards of fire commissioners of a fire district are comprised of volunteer firefighters. You have indicated that boards of fire commissioners are "to a large extent" comprised exclusively of volunteer firefighters, a statement with which we do not disagree.
Where volunteer firefighters comprise all or greater than 40% of the commissioner positions, recusal is not an effective remedy. The board would be left with less than the sixty percent needed under section 216(2). We must assume that the State Legislature, in delegating to boards of fire commissioners the authority to submit service award programs to the voters for approval, was aware of their composition and anticipated that volunteer firefighters who serve as commissioners could vote on whether to submit a service award program to the voters for approval.
We distinguish our prior opinion (91-21) which dealt with a village board of trustees including two members who were volunteer firefighters. In that case, recusal was an effective remedy and removed any self-interest in the deliberations and actions of the village board.
We believe that where practical town board, village board and city council members, who are volunteer firefighters, should recuse themselves from voting on whether to submit a service award program to a referendum. In most cases, the board will be left with sufficient members to take action.
We conclude that members of boards of fire commissioners who are volunteer firefighters may participate in voting on whether to submit a service award program to the voters for approval.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.